UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

BRIAN FOX,

              Plaintiff,                **MEMORANDUM AND ORDER**
                                              Case No. 22-CV-2598 (FB)

   -against-

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

*Appearances*:
*For the Plaintiff*:
HAROLD SKOVRONSKY
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant*:
BREON PEACE
United States Attorney
By: JAMES KI
SSA/OGC
6401 Security Boulevard
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

      Brian Fox ("Fox") appeals the Commissioner of Social Security's ("Commissioner") final decision denying Fox's application for disability insurance benefits. Before the Court are Fox's motion for judgment on the pleadings and the Commissioner's cross-motion for judgment on the pleadings. Fox's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings in accordance with this Order.

1

I.

Fox applied for disability insurance benefits on August 21, 2019 and was denied. Fox alleged disability beginning December 5, 2018, at the age of 43, due to knee, spine, and hip impairments. After a subsequent hearing before an administrative law judge (the "ALJ"), the ALJ found that Fox was not disabled and therefore not entitled to benefits. On April 26, 2022, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Fox's request to review his denial of benefits. Fox then initiated this action.

The ALJ found that Fox retained the RFC to perform sedentary work, albeit with limitations: "limited to occasional climbing of stairs/ramps, balancing, stooping, kneeling, crouching, crawling; can never climb ladders/scaffolds/ropes nor be exposed to unprotected heights or dangerous machinery; and would need to shift positions, such as from sitting to standing and standing to sitting, while remaining on task, every 30 minutes." Tr. at 18-23.

District Courts reviewing determinations of the Commissioner under 42 U.S.C. § 405(g) must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rucker v. Kijakazi*, 48 F.4th 86, 90-91 (2d Cir. 2022). A reviewing district court may not conduct a de novo review or substitute its own judgment for

that of the ALJ, *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), reversing "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error," *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (cleaned up). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (cleaned up). The ALJ's legal conclusions, however, are not deferred to by reviewing courts "where an error of law . . . might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (cleaned up).

## II.

The Court finds that the ALJ's decision was not supported by substantial evidence because of shortcomings which, if rectified, could have changed her determination that Fox was not disabled. First, the ALJ found that Fox's "reasonably broad range of daily living activities" supported his ability to perform sedentary work. Tr. 22. She relied in part on evidence that Fox "is able to perform personal care; to cook, clean, and shop at least at a light level; and to travel independently and by public transportation," "is the sole caregiver for 2 children aged 10 and 11," and could walk for ten blocks. Tr. 20, 22. Fox contests these characterizations of his daily activities, taken from his interview with a medical examiner, in which he explained that he helped with light housework and "ha[d] to

3

take care of his family and kids." Tr. 299, 761, 764. He claims family members and housekeepers performed these chores instead of himself.

Regardless, evidence of Fox "participating in daily activities does not support a conclusion that [he] is not disabled." *Wall v. Comm'r of Soc. Sec.*, No. 2:21-CV-02354-FB, 2022 WL 17092810, at *1 (E.D.N.Y. Nov. 21, 2022). *See Murdaugh v. Sec. of Dep't of HHS of U.S.*, 837 F.2d 99, 102 (2d Cir. 1988) (merely because the plaintiff "waters his landlady's garden, occasionally visits friends and is able to get on and off an examination table can scarcely be said to controvert the medical evidence" in proving a disability). There are no elements inherent to these activities that would show that Fox could maintain employment. *See also Polidoro v. Apfel*, 1999 WL 203350, at *8 (S.D.N.Y. April 12, 1999) ("A claimant's participation in the activities of daily living will not rebut his or her subjective statements of pain or impairment unless there is proof that the claimant engaged in those activities for sustained periods of time comparable to those required to hold a . . . job.").

The ALJ also erred when she found Dr. Evelyn Wolf's medical opinions persuasive without fully considering their supportability and consistency in relation to the rest of Fox's medical record. Dr. Wolf, a consultive internist, examined Fox once at the Commissioner's request on July 13, 2020. The ALJ credited the

4

opinions of Dr. Wolf over those of Dr. Richard S. Obedian, Fox's attending orthopedist from 2019 to 2020.

"[T]he persuasiveness of each medical source is evaluated according to five factors: (i) supportability, (ii) consistency, (iii) relationship with claimant, (iv) specialization, and (v) 'other factors.' Supportability and consistency are the two most important factors in determining persuasiveness of medical opinions, and the ALJ must articulate consideration of each." *Guilbe v. Comm'r of Soc. Sec.*, No. 1:22-CV-02841-FB, 2023 WL 3057334, at *1 (E.D.N.Y. Apr. 24, 2023) (citing 20 C.F.R. §§ 404.1520c(c); 404.1520c(a)(2)). While the Commissioner now argues that Dr. Wolf's opinions were consistent and supportable, the ALJ failed to properly consider the first two factors as required by § 404.1520c(a) in her decision. The ALJ explained only that "[t]he opinions of Dr. Wolf . . . are persuasive, as they are consistent with the overall record, including her own clinical examination findings." Tr. 23.

The need to thoroughly evaluate Dr. Wolf's opinions is heightened by Dr. Wolf's use of vague language in her conclusions, including that Fox was "moderately limited in any walking, standing, and climbing," had "no limitation in sitting, providing he can stretch from time to time," and was "moderately limited for any lifting." Tr. 47-58; 301. The Second Circuit has discouraged reliance on evaluations that are "couched in terms 'so vague as to render it useless in

evaluating'" the claimant's residual functional capacity." *Burgess*, 537 F.3d at 129-30; *see Curry v. Apfel*, 209 F.3d 117, 123-24 (2d Cir. 2000), *superseded by regulation on other grounds*, *as recognized in Young v. Comm'r of Soc. Sec.*, No. 7:13-CV-734, 2014 WL 3107960, at *9 (N.D.N.Y. July 8, 2014); *Douglass v. Astrue*, No. 11–3325–cv, 2012 WL 4094881, at *1 (2d Cir. Sept. 19, 2012) ("Standing alone, Dr. Magurno's indefinite conclusion regarding the 'moderate' limitations on plaintiff's ability to sit does not provide substantial evidence for the ALJ's conclusion that she could sit for six hours of an eight-hour workday, at least without additional restrictions.").

The Court finds a lack of substantial evidence to support the ALJ's conclusions regarding Fox's residual functional capacity and that he was not disabled. Because the ALJ's outcome may have been different if she had not relied on Fox's essential daily activities and properly evaluated Dr. Wolf's conclusions, the case must be remanded for further proceedings.

## III.

Fox's motion for judgment on the pleadings is granted, the Commissioner's cross-motion for judgment on the pleadings is denied, and the case is remanded for further proceedings in accordance with this Order.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 11, 2023